UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DIANNE NELSON-CHARLES,

                Plaintiff,

          - against -

U.S. DEPARTMENT OF EDUCATION,

                Defendant.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-1616 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On March 18, 2019, Plaintiff Dianne Nelson-Charles ("Plaintiff") filed this *pro se* action against the United States Department of Education ("DOE" or "Defendant") alleging that her wages were being wrongfully garnished in order to repay her federal student loans. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

Plaintiff initiated this action by completing a fillable form complaint. (*See generally* Complaint ("Compl."), Dkt. 1.) In the complaint, Plaintiff states that she previously attended two educational institutions, the Robert Fiance Cosmetology School ("RFCS") and the Allan School. (*Id.* at ECF[1] 4.) While at RFCS, Plaintiff was told that she was applying for a $10,000 grant, but she learned after RFCS went bankrupt that the "grant" was actually a loan. (*Id.*) She also received a $16,000 loan at the Allan School. (*Id.*) In light of her loan amounts, Plaintiff states, "I don't understand why the ballance [*sic*] being garnished is over $88,000. . . . I am wrongfully being

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

garnished and would like for this to STOP ASAP. I can not [*sic*] care for myself or my children." (*Id.* at ECF 4, 6.)

Plaintiff attaches a "Final Notice of Wage Garnishment for Debt Owed to U.S. Government" from Defendant dated September 4, 2018. (*Id.* at ECF 7.) According to the Final Notice, the principal balance on Plaintiff's loans is $68,683.70, with additional interest and fees of $17,411.83. (*Id.*) Combined, the total balance owed is $88,947.71. (*Id.*) The Final Notice indicates that Plaintiff did not respond to a previous Notice of Proposed Wage Garnishment sent by Defendant. (*Id.*) The prior notice stated that Defendant would begin ordering Plaintiff's employer to withhold 15% of her disposable pay until the balance was paid. (*Id.*) It further informed Plaintiff that "[she] may still exercise the right to contest this action as cited in [Defendant's] original Notice of Proposed Wage Garnishment." (*Id.*) On September 11, 2018, Plaintiff's employer, Selfhelp Community Services, Inc. ("Selfhelp"), sent a letter to Plaintiff informing her that it had received an Income Execution Notice from Defendant. (*Id.* at ECF 9.) In accord with the Income Execution Notice, Selfhelp's letter informed Plaintiff that it would begin withholding part of her pay on September 21, 2018. (*Id.*)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, federal courts give "extra leeway" to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff admits that she took out student loans that she has not repaid, but she does not think that she owes as much as the government claims. (Compl. at ECF 4.) Her lawsuit asks the Court to stop Defendant, an agency of the United States government, from garnishing her wages. (*Id.* at ECF 6.) This Court cannot grant the injunctive relief she seeks.

"Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (quoting *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)). "[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

The Higher Education Act ("HEA"), 20 U.S.C. § 1070 *et. seq.*, waives sovereign immunity for certain claims against DOE related to the enforcement of federal student loan provisions, but it specifically limits federal courts' authority by prohibiting the issuance of an "attachment,

3

injunction, garnishment, or other similar process" against the Secretary of DOE. 20 U.S.C. § 1082(a)(2). The prohibition on injunctive relief does not apply, however, if the Secretary has exceeded her statutory authority. *See Jones v. U.S. Dep't of Educ.*, No. 09-CV-88 (BSJ), 2010 WL 10092765, at *7 (S.D.N.Y. Feb. 1, 2010) (citing *Shabtai v. U.S. Dep't of Educ.*, No. 02-CV-8437 (LAP), 2003 WL 21983025, at *7 (S.D.N.Y. Aug. 20, 2003)).

The HEA clearly provides that DOE may garnish the wages of an individual who has stopped repaying student debt, as long as the proper procedures are followed. *See* 20 U.S.C. § 1095a; *see also Jones v. U.S. Dep't of Educ.*, No. 08-CV-4404 (JS), 2010 WL 2710624, at *3 (E.D.N.Y. July 6, 2010) ("DOE had every statutory right to garnish [the plaintiff's] wages and offset his student loan debt from his Social Security benefits." (citing, *inter alia*, 20 U.S.C. § 1095a)). Thus, if Defendant follows the proper statutory procedures in garnishing a defaulted borrower's wages, federal courts may not enjoin it from garnishment.

The HEA sets out the proper procedure for garnishment. When a borrower stops repaying her student loans, the government is required to give the borrower written notice of its intent to garnish her wages. 20 U.S.C. § 1095a(a)(2). The written notice must explain how the borrower may request a hearing if she wants to challenge the existence or amount of the debt and the terms of repayment. 20 U.S.C. § 1095a(a)(2), (5). The HEA's procedure satisfies due process. *See Gaddy v. U.S. Dep't of Educ.*, No. 08-CV-573 (DLI) (LB), 2010 WL 1049576, at *4 (E.D.N.Y. Mar. 22, 2010).

Here, Plaintiff has not claimed that Defendant failed to follow the procedures established by the HEA in 20 U.S.C. § 1095a. Plaintiff has not provided the original Notice of Proposed Wage Garnishment, but the attached September 4, 2018 Final Notice states that Defendant previously sent a Notice of Proposed Wage Garnishment to Plaintiff and that she did not respond. (Compl.

4

at ECF 7.) Thus, it appears that Plaintiff received the required notice and had an opportunity to respond. These notices would be sufficient to satisfy the requirements of the HEA.[2] *See* 20 U.S.C. § 1095a(a)(2). Because Defendant appears to have properly initiated garnishment proceedings against Plaintiff, there is no basis for this Court to stop the garnishment of Plaintiff's wages. *Cf. Gaddy*, 2010 WL 1049576, at *4. Accordingly, Plaintiff's request for injunctive relief to stop the garnishment of her wages is hereby denied.

It is not too late for Plaintiff to challenge the amount of the debt by requesting a hearing. The Final Notice of Wage Garnishment explains that she can still follow the instructions in the original Notice of Proposed Wage Garnishment and request a hearing to challenge the amount of the debt. (Compl. at ECF 7.) If Plaintiff requests a hearing and disagrees with the final decision after the hearing, she may then file a complaint in federal district court pursuant to the Administrative Procedure Act ("APA"). *See Sanon v. Dep't of Higher Educ.*, No. 06-CV-4928 (SLT) (LB), 2010 WL 1049264, at *4 (E.D.N.Y. Mar. 18, 2010) (finding that a *pro se* plaintiff may seek injunctive relief from garnishment by DOE under the APA); *see also Lipkin v. U.S. Sec. & Exch. Comm'n*, 468 F. Supp. 2d 614, 621 (S.D.N.Y. 2006) (finding that the APA provides a limited waiver of sovereign immunity for "suits seeking non-monetary relief against agencies and officers of the United States"). However, for such a suit under the APA to be viable, Plaintiff would have to allege facts showing that the DOE's decision was "arbitrary, capricious, an abuse

---

[2] If Plaintiff did not receive the original Notice of Proposed Wage Garnishment, then she is entitled to request it. Defendant's failure to provide it might then be grounds for a due process claim in federal court. If Plaintiff never received the original Notice of Proposed Wage Garnishment, she may move to reopen this case, and Defendant will have a chance to respond by presenting evidence that the Notice was sent.

of discretion, or otherwise not in accordance with law[] . . . [or] is unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *see also Sanon*, 2010 WL 1049264, at *4.[3]

## CONCLUSION

For the reasons stated, the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 16, 2019
      Brooklyn, New York

---

[3] Because the complaint in this action, even liberally construed, does not "give[] any indication that a valid claim might be stated," the Court denies Plaintiff leave to amend the complaint. *Cuoco*, 222 F.3d at 112.